IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY NEROSS,

      Plaintiff,

v.   No. 07-cv-00032-JCH-RLP

AARGON AGENCY, INC.; and
TRANS UNION LLC,

      Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on April 10, 2007, via telephone and was attended by:

Susan Warren, Feferman & Warren for Plaintiff

Gregory Biehler, for Defendant Aargon Agency, Inc. and

M. Kasey Ratliff, of Strasburger & Price LLP, Frisco, Texas, for Defendant Trans Union

## NATURE OF THE CASE

Plaintiff seeks damages under the federal Fair Credit Reporting Act, the federal Fair Debt Collection Practices Act, and the New Mexico Unfair Practices Act.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Plaintiff may amend, after conducting some discovery.

Plaintiff should be allowed until June 26, 2007 to amend the pleadings and until July 10, 2007, to join additional parties.

Defendant Aargon intends to file: None.

Defendant Trans Union intends to file: may file motion to consolidate related cases.

Defendants should be allowed until July 10, 2007 to amend the pleadings and until July 24, 2007 to join additional parties.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties stipulate to the following facts: None

The parties further stipulate that the law governing this case is the federal Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the New Mexico Unfair Practices Act.

## PLAINTIFF'S CONTENTIONS:

Defendant Aargon is reporting medical bills to Plaintiff's credit report. Plaintiff disputes these debts. Plaintiff is a member of a class action regarding this debt in federal court in the Central District of California. The federal court has issued an injunction regarding the reporting of this debt. Despite knowing about this injunction and Plaintiff's dispute, Aargon continues to report this debt to Plaintiff's credit report maintained by Defendant Trans Union. Aargon also fails to report that Plaintiff disputes the debt. Plaintiff has also disputed the debt in writing twice to Defendant Trans Union, who has failed to conduct a reasonable investigation of this account and continues to report the account, even after knowing about the injunction. As a result of Defendants' actions, Plaintiff has suffered damages.

## DEFENDANT AARGON'S CONTENTIONS

Aargon is still investigating Plaintiff's claims and alleged communications with Defendants, and therefore cannot comment on Plaintiff's factual allegations at this time. Aargon's investigation into the facts of this case is ongoing.

## DEFENDANT TRANS UNION'S CONTENTIONS

Trans Union is a consumer reporting agency, as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.* Trans Union maintains reasonable procedures designed to

ensure the maximum possible accuracy of the information it reports. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union has investigated Plaintiff's disputes made with it and timely reported the results of those reinvestigations to Plaintiffs. Trans Union also updated this information contained in Plaintiff's Trans Union credit files pursuant to those reinvestigations when warranted.

Trans Union is still investigating Plaintiffs' claims and their communications with Trans Union, if any, and, therefore, cannot comment on the factual allegations at this time. Trans Union may reasonably rely upon the state of the public record. Further Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681s-2(b). Even if Plaintiffs have suffered any compensable damage, such damage was not caused by Trans Union. Trans Union has not acted with negligence, malice or intent to harm Plaintiffs. Trans Union has not acted in reckless or conscious disregard for the rights of Plaintiffs. Plaintiffs' state law claims may be preempted. Some of Plaintiffs' claims or alleged damages may be barred by the applicable statute of limitations. Trans Union's investigation into the facts and circumstances of this case is on-going.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

**Witnesses**:

Plaintiff:

1. Plaintiff Ricky Neross, who will testify as to all allegations within his knowledge. Mr. Neross resides in Albuquerque, NM, and may be contacted through his counsel.

2. Defendants and Defendants= employees.

3. Representatives of CFIC Mortgage, who may testify about its recent denial of a

mortgage re-finance to Mr. Neross based in part on the report by Aargon and Trans Union.

<u>Defendant Aargon</u>:

1.   Aargon's PMK regarding this matter.

2.   All witnesses identified by all parties in this matter.

3.   Aargon reserves its right to conduct further discovery as this matter is ongoing.

<u>Defendant Trans Union</u>:

As discovery has only commenced, Trans Union has not made a final decision as to the witnesses it will seek discovery from in this matter. However, Trans Union believes that the following is a list of parties with knowledge of the facts and allegations at issue in this lawsuit known to date:

1. Plaintiff is believed to have knowledge of the facts relating to the allegations made in this case, his dealings with creditors, his dealings with Trans Union, and his alleged damages.

2. Aargon Agency, Inc.., as a Defendant in this matter, is believed to have knowledge of the facts relating to the allegations made in this case, its dealings with Plaintiff, if any, and its dealings with Trans Union.

3. Trans Union and its employees have knowledge regarding Trans Union's computer and data base, communications and correspondence between Trans Union and Plaintiff, communications and correspondence between Trans Union and Plaintiff's creditors, and Trans Union's policies and procedures.

4. The persons, entities or creditors who extended Plaintiffs credit are believed to have knowledge regarding Plaintiff's applications, Plaintiff's credit history, the reasons Plaintiff were granted credit, and any communications or correspondence between them and Plaintiff.

5. The persons and entities with whom Plaintiff have applied for credit are believed to have knowledge regarding Plaintiff's applications, Plaintiff's credit history, the reasons Plaintiff

was granted or denied credit, and any communications or correspondence between them and Plaintiff.

6. The persons and entities who have reviewed Plaintiff's credit reports are believed to have knowledge regarding their communications and correspondence with Plaintiff, the reasons that they reviewed Plaintiff's credit reports and the contents of Plaintiff's credit reports.

7. All witnesses disclosed by any other party in this matter.

**Documents**:

Plaintiff:

1.  Mr. Neross' December 1, 2005 dispute letter to Trans Union, along with enclosures and certified mail return receipt.

2.  Mr. Neross' July 18, 2006 dispute letter to Trans Union, along with enclosures and certified mail return receipt.

3.  Letter from Mr. Neross to Trans Union, dated 12/11/06.

4.  Letter from Trans Union to Mr. Neross, dated July 25, 2006.

5.  Mr. Neross' Trans Union credit reports, dated June 20, 2006, August 17, 2006, and December 15, 2006.

6.  Collection letter from Aargon to Mr. Neross, dated 10/5/06.

7.  Letter from Mr. Neross to Aargon, dated October 27, 2006.

8.  Denial letter from CFIC Mortgage.

9.  First Magnus Lender Services Credit Report, dated 6/6/06.

Defendant Aargon:

Defendant Trans Union:

1. All correspondence between Plaintiff and Defendants and any relevant third party.

2. All documents related to the Aargon account.

3. All documents relating to Plaintiff's mortgage.

4. All documents being used by any other party in this case.

**Expert Witnesses**:

Plaintiff: Plaintiff has not yet identified an expert witness, but reserves the right to identify one.

Defendant Aargon:  Aargon has not determined whether an expert witness will be needed.

Defendant Trans Union: Trans Union has not determined whether an expert witness will be needed.

**Discovery will be needed on the following subjects**:

1. All allegations, denials, and defenses raised in any pleading.

2. Defendants' policies and procedures for complying with the federal Fair Credit Reporting Act and the federal Fair Debt Collection Practices Act.

3. Defendants' net worth.

4. All aspects of Plaintiff's disputes with Defendants.

5. Defendants' dealings with others in similar disputes.

6. Incidents where Defendants treated others like it treated Plaintiff.

7. Any documents produced by any of the Defendants or third parties during discovery.

8. All Defendants' witnesses, including fact and expert witnesses.

Defendant Trans Union:

1. Allegations contained in Plaintiffs' Complaint.

2. Plaintiffs' alleged damages.

3. Plaintiffs' financial and consumer history.

**Maximum of 25 interrogatories** by each party to any other party. (Responses due 30 days after service).

**Maximum of 50 requests for admission** by each party to any other party. (Response due 30 days after service).

**Maximum of 10 depositions by Plaintiff** and 10 depositions by Defendants.

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

**Reports from retained experts** under Rule 26(a)(2) due:

>from Plaintiff by June 26, 2007

>from Defendants by July 26, 2007

Supplementation under Rule 26(e) due within 30 days of learning the new information.

All discovery commenced in time to be complete by October 26, 2007. Discovery on *(issue for early discovery)* to be completed by _____.

**Other Items**: None

### PRETRIAL MOTIONS

Plaintiff intends to file: motion for summary judgment.

Defendant Aargon intends to file: motion for summary judgment, motions in limine.

Defendant Trans Union intends to file: motion for summary judgment, motions in limine.

### ESTIMATED TRIAL TIME

The parties estimate trial will require 3-4 days.

\_\_\_\_ This is a non-jury case.

 XXX This is a jury case.

The parties request a pretrial conference one month before trial.

### SETTLEMENT

The possibility of settlement in this case is cannot be determined at this time. The parties

request a settlement conference at the conclusion of discovery.

## WITH EXCEPTIONS

Plaintiff takes exception to Trans Union's request to discovery information about Plaintiff's "financial and consumer history."

FEFERMAN & WARREN

 /s/ Susan Warren
SUSAN WARREN
For Plaintiff
300 Central Ave.,SW,Suite2000 East
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)

BEALL & BIEHLER

 *Telephonically Approved M. Bourassa 04/24/07*
Gregory Biehler
For Defendant Aargon Agency, Inc.
6715 Academy Rd. NE
Albuquerque, NM 87109
(505) 828-3600
(505) 828-3900 (fax)
and
Mark J. Bourassa
3025 West Sahara Ave., Suite 200
Las Vegas, NV 89102
(702) 851-2180
(702) 851-2189 (fax)

STRASBURGER & PRICE LLP

*Telephonically Approved, M. K. Ratliff 04/24/07*
Rodney L. Schlagel
For Defendant Trans Union LLC
Butt, Thornton & Baehr
PO Box 3170
Albuquerque, NM 87190
505-884-0777
505-889-8870 (fax)
and
M. Kasey Ratliff
2801 Network Blvd., Suite 600
Frisco, Texas 75034
(469) 287-3909
(469) 227-6579 (fax)